UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER E. FOSTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-1013-SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court upon movant's motion to proceed in forma pauperis on appeal [Doc. 2].

## Background

On July 15, 2005, movant filed a notice of appeal of the manner in which this cause of action was docketed. Specifically, the action was docketed as motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 rather than Writ of Error Audita Querela pursuant to 28 U.S.C. § 1651.[1]

Movant states that, on or about December 8, 1995, he was sentenced to twenty-five years' imprisonment and five years' supervised release following a jury verdict for violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute in excess of five kilograms of cocaine. On July 10, 1997, the Eighth Circuit Court of Appeals affirmed the judgment. *United States v. Foster*, 119 F.3d 637 (8th Cir.), *cert. denied*, 522 U.S. 987 (1997).

---

[1]The Court notes at the outset that the manner in which a cause of action is docketed is not necessarily determinative of the manner in which the Court analyzes it. There is a "civil action" code for § 2255 cases but not for Audita Querela.

1

On July 13, 1998, movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Foster v. United States*, No. 4:98-CV-1186-DJS (E.D.Mo.). The motion was denied on April 18, 2003. *Id.* The Eighth Circuit denied movant a certificate of appealability and dismissed the appeal. *Foster v. United States*, No. 03-1434 (8th Cir. Oct. 28, 2003).

**The motion**

Movant seeks leave to appeal in forma pauperis, asserting that the mandatory Prison Litigation Reform Act's filing fee does not apply to audita querela cases because the term "civil action" in the PLRA is plain, but audita querela cases are, in effect, hybrid actions, which are quasi civil and quasi criminal. Movant also asserts that he was previously allowed to appeal in forma pauperis.

**Discussion**

It is the duty of the Court in the exercise of judicial discretion to determine whether the appeal sought to be commenced and prosecuted in forma pauperis is taken in good faith and is meritorious. In the event that the Court determines that the appeal is not taken in good faith or is not meritorious, and that movant is not entitled so to proceed, the Court must set forth reasons for such finding. *See* FED. R. APP. P. 24; *Christian v. U. S.*, 404 F.2d 328, 329 (8th Cir. 1968). The Court will deny leave to proceed in forma pauperis because movant's appeal is not taken in good faith, and he has no viable cause of action. 28 U.S.C. § 1915(a)(3); *Gilmore v. United States*, 131 F.2d 873, 874 (8th Cir. 1943) (courts will not grant leave to proceed in forma pauperis if it is clear that proceeding is without merit).

**A.     28 U.S.C. § 2255**

First, it appears to the Court that movant is attempting an end-run around the requirements of 28 U.S.C. § 2255 by styling the instant matter as writ of error audita querela. As

stated above, movant has previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, if this matter is properly characterized as a § 2255 motion, it can trigger the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "second or successive" requirements. The AEDPA provides that a "second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals" to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication that movant has sought or received permission to bring a second or successive § 2255 application in this Court.

In the opinion of the Court, movant is attempting to avoid the requirements of the AEDPA regarding a second or successive application by styling this action as "writ of error audita querela" and by appealing the Court's characterization of this action as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Accordingly, the Court finds that the appeal sought to be commenced and prosecuted is not taken in good faith.

### B. Writ of Audita Querela

Second, Rule 60(b) of the Federal Rules of Civil Procedure abolishes the writ of audita querela with respect to civil actions, but it is at least arguable that the writ is available in criminal actions. *See United States v. Johnson*, 962 F.2d 579, 583 (7th Cir. 1992) (questioning availability of audita querela in criminal actions); *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991) (same); *United States v. Holder*, 936 F.2d 1, 3 (1st Cir. 1991); *United States v. Ayala*, 894 F.2d 425,

426 (D.C. Cir. 1990); *cf. United States v. Morgan*, 346 U.S. 502, 511 (1954) (although writ of coram nobis was abolished in civil cases, writ survives in criminal actions). Assuming, *arguendo*, that the writ of audita querela is still available, the instant motion should still be denied, because the writ is inappropriate in this case.

Audita querela is an old common-law writ that permits a defendant to obtain "'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of judgment.'" *Johnson*, 965 F.2d at 582 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2687, at 325 (1975)). The question at bar is whether the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), is the type of post-judgment event for which the writ can be granted.

The Court's research indicates that it is not. The courts that have considered the question of whether a post-judgment change in the law is a ground for audita querela relief have answered in the negative. *See United States v. Ayala*, 894 F.2d at 429 n. 8; *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982); *Ames v. Sears, Roebuck and Co.*, 536 A.2d 563, 566 (1988). This is true even in cases where the post-conviction change in law could not be raised in a § 2255 action. *See United States v. Ayala*, 894 F.2d at 429 n. 8. As noted by the District of Columbia Circuit in *Ayala:*

> To be sure, not *all* post[-]judgment changes in law may be raised in a § 2255 proceeding. *See Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 1075-77 (1989) (plurality). But we have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela to evade the Supreme Court's painstakingly formulated "retroactivity" rules.

*Id*. This Court agrees. Put simply, the Supreme Court's decision in *Booker* does not afford movant relief from his sentence under any theory, because *Booker* does not apply retroactively. Therefore,

the writ of audita querela is inappropriate in this case, and the appeal sought to be commenced and prosecuted in forma pauperis is not meritorious.

For these reasons, the Court concludes that movant's appeal is not taken in good faith and is not meritorious; thus, his motion to appeal in forma pauperis should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed in forma pauperis on appeal [Doc. 2] be **DENIED**, without prejudice.

Dated this 7th day of November, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**