UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRISTOPHER E. FOSTER,      )
                            )
    Petitioner,             )
                            )
    v.                      )   No. 4:05-CV-1013-SNL
                            )
UNITED STATES OF AMERICA,   )
                            )
    Respondent.             )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Christopher E. Foster's petition for a writ of audita querela [Doc. #1].[1] Also before the Court is petitioner's motion to proceed in forma pauperis [Doc. #2].

## Background

On September 22, 1995, petitioner was convicted of conspiracy to distribute and possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 8, 1995, petitioner was sentenced to 300 months imprisonment followed by a five-year term of supervised release. Petitioner's conviction and sentence were affirmed on appeal. United States v. Payne, 119 F.3d 637 (8th Cir. 1997). Thereafter, petitioner sought and was denied relief pursuant to 28 U.S.C. § 2255. Foster v. United States, No.

---

[1] The Court notes that for docketing and statistical purposes only the Clerk of Court docketed this action as one arising under 28 U.S.C. §2255; there is no docketing or statistical category for "writ of error audita querela." Such internal docketing and statistical categorization did not result in a substantive re-characterization of petitioner's action.

4:98-CV-1186-DJS (E.D. Mo. Apr. 18, 2003). The Eighth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed the appeal. Foster v. United States, No. 03-2833 (8th Cir. Oct. 27, 2003) . On June 27, 2005, petitioner filed the instant petition for a writ of audita querela. After the Clerk of Court docketed the petition as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, petitioner filed a notice of appeal relative to how the case was docketed. On December 14, 2005, the Eighth Circuit concluded that the appeal was premature, and thus, dismissed the case for lack of jurisdiction.

**Discussion**

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Petitioner argues that he is entitled to a writ of audita querela in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).[2]

Rule 60(b) of the Federal Rules of Civil Procedure abolishes the writ of audita querela with respect to civil actions, but it is at least arguable that the writ is available in criminal actions. See United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (questioning availability of audita querela in criminal actions); United States v. Reyes, 945 F.2d 862, 866 (5th Cir. 1991) (same); United States v. Holder, 936 F.2d 1, 3 (1st Cir. 1991); United States v. Ayala, 894 F.2d 425, 426 (D.C. Cir. 1990); cf. United States v. Morgan, 346 U.S. 502,

---

[2]In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that application of the Federal Sentencing Guidelines provisions mandating that a district court impose a sentence based on findings of additional facts, determined by using preponderance of evidence standard, violated the Sixth Amendment.

2

511 (1954) (although writ of coram nobis was abolished in civil cases, writ survives in criminal actions). Assuming, arguendo, that the writ of audita querela is still available, the Court finds that the writ is inappropriate in the instant case.

Audita querela is an old common-law writ which permits a defendant to obtain "'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of judgment.'" United States v. Johnson, 965 F.2d at 582 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2687, at 325 (1975)). As such, the only issue at bar is whether the Supreme Court's decision in Booker is the type of post-judgment event for which the writ can be granted. The Court's research indicates that it is not. The courts that have considered the question of whether a post-judgment change in the law is a grounds for audita querela relief have answered in the negative. See United States v. Ayala, 894 F.2d at 429 n. 8; United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Ames v. Sears, Roebuck and Co., 536 A.2d 563, 566 (1988). This is true even in cases where the post-conviction change in law could not be raised in a § 2255 action. United States v. Ayala, 894 F.2d at 429 n.8. As noted by the District of Columbia Circuit in Ayala:

> To be sure, not *all* post[-]judgment changes in law may be raised in a § 2255 proceeding. See Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 1075-77, 103 L.Ed.2d 334 (1989) (plurality). But we have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela to evade the Supreme Court's painstakingly formulated "retroactivity" rules.

Id. This Court agrees. The Supreme Court's decision in Booker does not afford petitioner

relief from his sentence under any theory, because Booker does not apply retroactively. Therefore, petitioner's request for audita querela relief will be denied.

Moreover, even if the Court were to construe the instant petition as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the action would be dismissed. As noted above, petitioner previously has sought, and was denied, relief pursuant to § 2255. Title 28 U.S.C. § 2255 now provides that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Eighth Circuit Court of Appeals has not certified the instant action, as required by § 2255, and thus, this Court has no jurisdiction to consider a § 2255 motion for relief. For the above-stated reasons, the instant action will be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of audita querela [Doc. #1] is **DENIED**, without prejudice.

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this 20th day of December, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**